■ MARTIN FLYNN, Respondent, v TURNER CONSTRUCTION COMPANY et al., Respondents, and LVI SERVICES, INC., Appellant. TURNER CONSTRUCTION COMPANY et al., Third-Party Plaintiffs-Respondents, v FIVE STAR ELECTRIC CORP., Third-Party Defendant, and LVI SERVICES, INC., Third-Party Defendant-Appellant. [66 NYS3d 468]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered January 13, 2016, which, to the extent appealed from as limited by the briefs, denied defendant/third-party defendant LVI Services, Inc.'s motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims and all third-party and cross claims against it, and granted defendants/third-party plaintiffs' motion for conditional summary judgment on their contractual indemnification claim against LVI, unanimously affirmed, without costs.

LVI failed to establish prima facie that plaintiff was not exposed to toxins at sufficient levels to cause his claimed respiratory illness (*see Parker v Mobil Oil Corp.*, 7 NY3d 434, 448

[2006]). The record contains ample evidence of plaintiff's exposure to toxins at the construction site, and LVI's expert did not opine that those toxins were not capable of causing plaintiff's respiratory illness. Nor did LVI establish prima facie that it was not responsible for the release into the air of toxins that allegedly caused plaintiff's respiratory illness. LVI was responsible for asbestos abatement, lead abatement, and concrete demolition on the job site. The record shows that there was demolition going on throughout the building generating dust clouds thick enough to be visible in progress photographs and that there were widespread complaints about the air quality, including the presence of silica dust, which occurs naturally during concrete demolition. In view of LVI's failure to make its prima facie showing, we need not examine plaintiff's opposition to LVI's motion (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Under its subcontract with defendant/third-party defendant Turner Construction Company, LVI must defend and indemnify Turner and defendant/third-party defendant MSG Holdings, L.P., for liability and loss, including legal fees, merely claimed to have resulted from injury arising out of or in connection with LVI's work, unless and until the injury is determined to have been caused by the negligence or willful misconduct of Turner, MSG, or another of Turner's subcontractors. Since there has not yet been a determination of that issue, Turner and MSG are entitled to conditional summary judgment on their claim against LVI for contractual indemnification (*see Rainer v Gray-Line Dev. Co., LLC*, 117 AD3d 634 [1st Dept 2014]; *Cerverizzo v City of New York*, 116 AD3d 469, 471-472 [1st Dept 2014]). Concur—Gische, J.P., Kapnick, Oing and Moulton, JJ.